UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------- x
MADELINE GRIFFIN,                              :
                                               :
                              Plaintiff,        :
                                               :     **MEMORANDUM &**
            -against-                           :     **ORDER**
                                               :
ANGEL QUIROS, SCOTT SEMPLE, and                :     3:25-CV-793 (VDO)
JOHN DOES 1-3,                                 :
                                               :
                              Defendants.       :
------------------------------------------------------------- x

**VERNON D. OLIVER**, United States District Judge:

Plaintiff Madeline Griffin brings this action against former Commissioners of the Connecticut Department of Correction, Angel Quiros and Scott Semple, as well as three unknown Department of Correction employees, alleging claims of deliberate indifference and recklessness with respect to her medical needs during her period of incarceration, in violation of the Eighth and Fourteenth Amendments to the United States Constitution and Connecticut state law. Before the Court is Defendants Angel Quiros's and Scott Semple's ("Defendants") motion to dismiss under Rules 4(m), 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure (the "Motion"). For the reasons set forth below, the Motion is **GRANTED**.

## I.      BACKGROUND[1]

### A.      Factual Background

Plaintiff Madeline Griffin was formerly incarcerated at York Correctional Institution in Niantic, Connecticut.[2] While incarcerated, Plaintiff suffered from a number of medical

---

[1] The Court accepts as true the factual allegations in the Complaint and draws all reasonable inferences in Plaintiff's favor for the purpose of deciding Defendants' motion.

[2] Compl., ECF No. 1 at 1, 2 ¶ 3.

conditions, which included metastatic multifocal papillary carcinoma of the thyroid gland, non-insulin dependent diabetes mellitus, cervical spinal stenosis, obesity, glaucoma, rheumatoid arthritis, anemia, chronic asthma, depressive disorder, hypertension, sleep apnea, vocal cord dysfunction, and left knee fracture.[3] Plaintiff experienced multiple instances of ill-timed follow up or inappropriately deferred work up and/or treatment.[4] Plaintiff was released into the community on probation in 2023.[5]

Defendants are Connecticut Department of Correction ("DOC") Commissioner Angel Quiros, former DOC Commissioner Scott Semple, and three unidentified individuals who are alleged to be medical staff responsible for accurate diagnoses of Plaintiff's medical conditions ("John Does 1-3" or "Doe Defendants").[6]

In 1997, CT DOC and the University of Connecticut Health Center ("UConn") entered into a Memorandum of Agreement ("MOA") for the provision of health services to offenders through Correctional Managed Health Care ("CMHC").[7] Defendant Semple allegedly knew that that inmates received inadequate care from the medical system he oversaw at CT DOC, yet continued to engage UConn/CMHC as the main care provider for inmates like Plaintiff and

---

[3] *Id.* ¶ 8.

[4] *Id.* ¶ 11.

[5] Ex. 1, ECF No. 38-2 at 3 (showing 4/26/2023 as "DISCHARGE BY COURT ORDER"); Mem. in Opp'n, ECF No. 42 at 14 (noting that Plaintiff was released in 2023).

[6] ECF No. 1 ¶ 4.

[7] *Id.* ¶ 62.

failed to oversee and monitor the MOA properly.[8] After Semple retired, defendant Quiros

continued implementing the MOA to provide medical care for all Connecticut inmates.[9]

### B.       Procedural History

On May 15, 2025, Plaintiff filed this action.[10] On November 5, 2025, Defendants

moved to dismiss under Rules 4(m), 12(b)(1), and 12(b)(6) of the Federal Rules of Civil

Procedure.[11] Plaintiff filed her opposition to the Motion on December 9, 2025, and Defendants

replied on December 23, 2025.[12] The parties filed supplemental briefing, per the Court's order,

on June 15, 2026.[13] The Court granted Plaintiff's motion for judicial notice.[14]

## II.    LEGAL STANDARD

### A.       Motion to Dismiss for Untimely Service of Process

A plaintiff must serve a complaint and summons "within 90 days after the complaint is

filed." Fed. R. Civ. P. 4(m). The Local Rules for the District of Connecticut dictate that the

"plaintiff shall file proof of service complying with Fed. R. Civ. P. 4(l), or proof of waiver of

service, within 7 days after plaintiff's receipt of such proof." D. Conn. L. R. Civ. P. 4(d).

Rule 4(m) further provides that a court may dismiss an action without prejudice if a

defendant is not timely served with process:

> [T]he court—on motion or on its own after notice to the plaintiff—must dismiss
> the action without prejudice against that defendant or order that service be made

---

[8] *Id.* ¶¶ 72, 73.

[9] *Id.* ¶ 6.

[10] ECF No. 1.

[11] Mot. to Dismiss, ECF No. 38.

[12] ECF Nos. 42; Resp. to Opp'n ECF No. 43.

[13] ECF Nos. 49, 50, 51.

[14] ECF No. 52.

within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Id.* District courts may extend the deadline under Rule 4(m), even in the absence of good cause. *Buon v. Spindler*, 65 F.4th 64, 75 (2d Cir. 2023) (citing *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007)).

**B.**      **Motion to Dismiss for Lack of Jurisdiction**

A party may move to dismiss a complaint for "lack of subject-matter jurisdiction[.]" Fed. R. Civ. P. 12(b)(1). "A Rule 12(b)(1) motion challenging subject matter jurisdiction may be either facial or fact-based." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). When the Rule 12(b)(1) motion is facial, "*i.e.*, one 'based solely on the allegations of the complaint or the complaint and exhibits attached to it,' plaintiffs have no evidentiary burden, for both parties can be said to rely solely on the facts as alleged in the plaintiffs' pleading." *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 119 (2d Cir. 2017) (quoting *Carter*, 822 F.3d at 56). The pleading must "show[] by a preponderance of the evidence that subject matter jurisdiction exists." *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003). In ruling on a jurisdictional challenge to the complaint, "a court accepts as true all the factual allegations in the complaint and must draw all reasonable inferences in favor of the plaintiff." *Id.*

"Alternatively, a defendant is permitted to make a fact-based Rule 12(b)(1) motion, proffering evidence beyond the Pleading." *Carter*, 822 F.3d at 57. "It is only where 'jurisdictional facts are placed in dispute' that the court has the 'obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits.'" *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 441 (2d Cir. 2022) (quoting *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014)). "If the extrinsic evidence presented by the

defendant is material and controverted, the district court will need to make findings of fact in aid of its decision[.]" *Carter*, 822 F.3d at 57.

### C.     Motion to Dismiss for Failure to State a Claim

A party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "On a motion to dismiss, all factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's favor." *Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015). "To survive dismissal, the pleadings must contain 'enough facts to state a claim to relief that is plausible on its face[.]'" *Buon*, 65 F.4th at 76 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.     DISCUSSION

### A.     Motion to Dismiss Bases

#### 1.     Untimely Service of Process

The Court finds that it must dismiss the claims against the Doe Defendants because they were not served within the time provided under Federal Rule of Civil Procedure 4(m).[15]

---

[15] The Court notes that though Connecticut Office of Attorney General has not technically appeared on behalf of the Doe Defendants, a court is empowered to dismiss claims against non-appearing defendants *sua sponte*. Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion *or on its own* after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.") (emphasis added); *see also Tigano v. United States*, 527 F. Supp. 3d 232, 256 (E.D.N.Y. 2021) (holding that it is appropriate to address the viability of claims against John Doe defendants in a motion to dismiss context, even when they did not move to dismiss).

Plaintiff neither complied with the deadline to effect service of process nor showed good cause for the failure.

In filing the Complaint, Plaintiff, who is represented by counsel, purported to join three John Does as defendants. These unidentified individuals are alleged to be medical staff responsible for accurate diagnoses of Plaintiff's medical conditions.[16] Because Plaintiff filed the complaint on May 15, 2025, the deadline to file proof of service was August 20, 2025. But Plaintiff never filed proof of service or requested additional time to do so.

Instead, only after Defendants filed the instant motion to dismiss in November 2025, Plaintiff asserts that she "lacked access to full medical records identifying the Does" and that "[t]he uncertainty of names requires discovery, which is solely within Defendants' knowledge."[17] But Defendants had provided Plaintiff with 867 pages of medical records in October 2025. The record is silent regarding Plaintiff's efforts to use these records, as well as any other discovery to ascertain the identity of the Doe Defendants after defense counsel appeared in August 2025 and prior to discovery being stayed in November 2025.[18]

Attempting to sidestep dismissal, Plaintiff argues that the medical records produced by Defendants omitted "significant portions" of her incarceration history because they begin in May 2021 rather than at the start of her incarceration in 2014, and that they did not identify the relevant Doe Defendants.[19] But even assuming the records were incomplete, that does not excuse Plaintiff's failure to act. To the extent Plaintiff believed additional records or

---

[16] ECF No. 1 ¶ 4.

[17] ECF No. 42 at 14.

[18] ECF Nos. 11, 39.

[19] ECF No. 49 at 1–4.

information were necessary to identify the Doe Defendants, she never sought that information from Defendants, moved to compel its production, or otherwise attempted to obtain it before the service deadline expired. Moreover, it is unclear how records predating May 2021 would have been necessary to identify individuals allegedly involved in conduct falling within the applicable limitations period.

Accordingly, Plaintiff has not demonstrated that any deficiency in the records prevented her from taking reasonable steps to ascertain the Doe Defendants' identities. Because there is thus no "colorable excuse for neglect[ing]" to use discovery to attempt to ascertain the identities of the Doe Defendants, *Zapata*, 502 F.3d at 198, the Court finds that Plaintiff cannot show good cause. Any claims that Plaintiff asserts against John Does 1-3 are therefore dismissed without prejudice.

### 2.    Lack of Jurisdiction

The Court finds that all claims against the Defendants are barred by the Eleventh Amendment.[20]

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Thus, the "Eleventh Amendment bars suits for monetary damages against state governments and state officials when they are sued in their official capacities in federal court unless they have waived their Eleventh Amendment immunity, or

---

[20] Though the Doe Defendants have not appeared, the Court also examines the claims brought against them for lack of jurisdiction. *Tigano*, 527 F. Supp. 3d at 256 (holding that it is appropriate to address the viability of claims against John Doe defendants in a motion to dismiss context, even when they did not move to dismiss).

unless Congress has abrogated the states' Eleventh Amendment immunity" *Doe v. United States*, No. 24-CV-1146 (VDO), 2025 WL 2740575, at *7 (D. Conn. Sept. 26, 2025) (cleaned up). The Supreme Court recognized an exception to Eleventh Amendment immunity in *Ex parte Young*, 209 U.S. 123 (1908), where a plaintiff seeks prospective relief from state officers in their official capacities for an ongoing violation of federal law. *Seneca Nation v. Hochul*, 58 F.4th 664, 670 (2d Cir. 2023); *see also In re Deposit Ins. Agency*, 482 F.3d 612, 617 (2d Cir. 2007) ("A plaintiff may sue a state official acting in his official capacity—notwithstanding the Eleventh Amendment—for 'prospective injunctive relief' from violations of federal law.").

Assuming, without deciding, that Plaintiff stated a plausible Eighth Amendment claim against a defendant, Plaintiff still could not proceed on an official capacity claim for monetary, injunctive, or declaratory relief. Plaintiff cannot seek monetary damages from Defendants, who are alleged to be current or former state employees, in their official capacities because such claims are barred by the Eleventh Amendment. *See, e.g. Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

Nor does Plaintiff affirmatively allege an ongoing violation of her constitutional rights for which a federal court may enter an order of prospective relief. Notably, because Plaintiff was released into the community on probation in 2023,[21] Plaintiff is not currently incarcerated and thus, there is no ongoing deliberate indifference with respect to Plaintiff's medical needs in violation of the Eighth Amendment. *Vega v. Semple*, 963 F.3d 259, 282–83 (2d Cir. 2020). Finally, Plaintiff cannot seek a declaratory judgment here because Plaintiff no longer has a

---

[21] Ex. 1, ECF No. 38-2 at 3 (showing 4/26/2023 as "DISCHARGE BY COURT ORDER"); ECF No. 42 at 14 (noting that Plaintiff was released in 2023).

"continuing personal stake" in any alleged ongoing violation of the Eighth Amendment at York due to her release. *See Khalil v. Laird*, 353 F. App'x 620, 621 (2d Cir. 2009).

### 3.      Failure to State a Claim

The Court finds that any federal claims against the remaining defendants, Quiros and Semple, must separately be dismissed for failure to state a claim.

Section 1983 imposes liability on a "person" who, under color of law, deprives another "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution, and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *Buon*, 65 F.4th at 78 (quoting *Feingold v. New York*, 366 F.3d 138, 159 (2d Cir. 2004)). Section 1983 "does not create a federal right or benefit; it simply provides a mechanism for enforcing a right or benefit established elsewhere." *Morris-Hayes v. Bd. of Educ. of Chester Union Free Sch. Dist.*, 423 F.3d 153, 159 (2d Cir. 2005) (citation omitted). "If a defendant has not *personally* violated a plaintiff's constitutional rights, the plaintiff cannot succeed on a § 1983 action against the defendant." *Raspardo v. Carlone*, 770 F.3d 97, 115 (2d Cir. 2014); *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977) ("In this Circuit personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").

But Plaintiff has not alleged sufficient facts to support an inference that Quiros or Semple were personally involved with deliberate indifference to Plaintiff's serious medical needs. The Complaint simply includes allegations that Semple was involved with creating the medical treatment policy and that Semple and Quiros failed to monitor the implementation of the policy. Accordingly, because it appears that Plaintiff is seeking to hold a defendant liable

merely on the basis of a supervisory position, these claims must be dismissed. *See Tangreti v. Bachman*, 983 F.3d 609, 618 (2d Cir. 2020) (explaining that "there is no special rule for supervisory liability," and that there must sufficient allegations to show that the supervising defendant "violated the Constitution" through his or her "own individual actions.").

Plaintiff has further failed to plausibly allege that Quiros and Semple had a sufficiently culpable state of mind to support a deliberate indifference claim. Deliberate indifference to a prisoner's serious medical need constitutes "unnecessary and wanton infliction of pain" in violation of the Eighth Amendment and is applicable to the states by the Fourteenth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a plausible claim that a defendant was deliberately indifferent to her medical needs in violation of the Eighth Amendment, a plaintiff must allege that "(1) objectively, the alleged deprivation of medical care was 'sufficiently serious,' and (2) subjectively, that the defendants acted or failed to act 'while actually aware of a substantial risk that serious inmate harm will result.'" *Washington v. Artus*, 708 F. App'x 705, 708 (2d Cir. 2017) (quoting *Salahuddin v. Goord*, 467 F.3d 263, 279–80 (2d Cir. 2006)).

Here, Plaintiff does not allege when, where, or how she informed these defendants about her medical needs, and she does not discuss the events that transpired as a result. Because there are only conclusory allegations and no facts to show that Quiros or Semple were aware of a substantial risk that Plaintiff would suffer serious harm as a result of their actions or inactions, these claims must be dismissed. *Staten v. Semple*, No. 18-CV-1251 (VAB), 2021 WL 1060225, at *22 (D. Conn. Mar. 19, 2021) ("There is no record evidence, however, that Commissioner Semple even knew who [Plaintiff] was, let alone that he permitted [a healthcare

10

provider] to be deliberately indifferent to [Plaintiff's] treatment or allowed [Plaintiff] to be at a substantial risk of serious harm.").

### B. State Law Claims

Having dismissed all federal claims, the Court declines to exercise supplemental jurisdiction over the remaining state law causes of action. *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("A district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.") (cleaned up).

## IV. <u>CONCLUSION</u>

For the preceding reasons, the Motion is **GRANTED**. Specifically, all claims are **dismissed without prejudice** under Rules 4(m), 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure. However, the stay of discovery is lifted for **sixty days** on the limited issue of the identity of the Doe Defendants. By **August 28, 2026**, Plaintiff may work with Defendants to obtain additional discovery that she believes will help her identify the relevant Doe Defendants, and she shall subsequently move to file an amended complaint. Any such motion must include a redline comparison of the initial complaint and proposed amended complaint. Failure to timely file a request to amend the complaint will result in the case being closed.

**SO ORDERED.**

Hartford, Connecticut
June 29, 2026

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge